No. 22-12796-A

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

RICHARD VALLE,

*Plaintiff-Appellee,*

v.

3M COMPANY,

*Defendant-Appellant,*

AEARO TECHNOLOGIES LLC, et al.,

*Defendants.*

On Appeal from the United States District
Court for the Northern District of Florida,
MDL No. 19-02885

## REPLY IN SUPPORT OF
## TIME-SENSITIVE MOTION FOR STAY PENDING APPEAL

PAUL D. CLEMENT
 *Counsel of Record*
ERIN E. MURPHY
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

*Counsel for Defendant-
Appellant 3M Company*

September 15, 2022

No. 22-12796-A, *Richard Valle v. 3M Company*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for Defendant-Appellant 3M Company hereby certifies that the following is a complete list of the trial judge(s), all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case on appeal, including subsidiaries, conglomerates, affiliates, and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

- 3M Company (**MMM**) – Defendant-Appellant

- 3M Occupational Safety LLC – Defendant/Non-appellant wholly owned subsidiary of Defendant-Appellant 3M Company

- Aearo Holdings LLC – Defendant/Non-appellant wholly owned subsidiary of Defendant-Appellant 3M Company

- Aearo Intermediate LLC – Defendant/Non-appellant wholly owned subsidiary of Defendant-Appellant 3M Company

- Aearo Technologies LLC – Defendant/Non-appellant wholly owned subsidiary of Defendant-Appellant 3M Company

- Aearo, LLC – Defendant/Non-appellant wholly owned subsidiary of Defendant-Appellant 3M Company

- Aylstock Witkin Kreis & Overholtz – counsel for MDL Plaintiffs

No. 22-12796-A, *Richard Valle v. 3M Company*

- Aylstock, Bryan Frederick – counsel for MDL Plaintiffs

- Barr, Brian H. – counsel for MDL Plaintiffs

- Beall, Charles Franklin, Jr. – counsel for Defendant-Appellant 3M Company

- Benton, Diana Clough – counsel for Defendants/Non-appellants

- Bhimani, Jay L. – counsel for Defendants/Non-appellants

- Bouk, Winston Troy – counsel for MDL Plaintiffs

- Bradley Arant Boult Cummings – counsel for Defendant-Appellant 3M Company

- Branscome, Kimberly O. – counsel for Defendants/Non-appellants

- Brock, Robert C. – counsel for Defendants/Non-appellants

- Brown & James – counsel for MDL Plaintiffs

- Brown, Micah David – counsel for Defendants/Non-appellants

- Buchanan, David R. – counsel for MDL Plaintiffs

- Burns, Michael A. – counsel for MDL Plaintiffs

- Buxner, Evan D. – counsel for MDL Plaintiffs

- Cantero, Raoul G. – counsel for Defendant-Appellant 3M Company

- Carter, Cole T. – counsel for Defendants/Non-appellants

- Cartmell, Thomas P. – counsel for MDL Plaintiffs

- Castiglia, Craig – counsel for Defendants/Non-appellants

No. 22-12796-A, *Richard Valle v. 3M Company*

- Ciresi Conlin LLP – counsel for MDL Plaintiffs

- Clark Love & Hutson – counsel for MDL Plaintiffs

- Clement, Paul D. – counsel for Defendant-Appellant 3M Company

- Clement & Murphy, PLLC – counsel for Defendant-Appellant 3M Company

- Cooper, David M. – counsel for MDL Plaintiffs

- Cornell, Katherine Lindsey – counsel for MDL Plaintiffs

- Czak, Steven C. – counsel for Defendants/Non-appellants

- DeCamp, Kyle Richard – counsel for Defendants/Non-appellants

- Dechert LLP – counsel for Defendants/Non-appellants

- De Paulo, Tabitha J. – counsel for Defendants/Non-appellants

- Elizabeth, Sierra – counsel for Defendants/Non-appellants

- Ellis, Robert P. – counsel for Defendants/Non-appellants

- Esfandiarifard, Saghar – counsel for Defendants/Non-appellants

- Fields, Barry E. – counsel for Defendants/Non-appellants

- Fox, Shawn – counsel for MDL Plaintiffs

- Glass, David M. – counsel for the United States of America

- Gori Julian & Associates – counsel for MDL Plaintiffs

- Gottlieb, Simon – counsel for Defendants/Non-appellants

- Gunderson, Karl B. – counsel for Defendants/Non-appellants

No. 22-12796-A, *Richard Valle v. 3M Company*

- Heinz, Noah – counsel for Plaintiff Richard Valle and MDL Plaintiffs

- Hill, Thomas Larry – counsel for Defendant-Appellant 3M Company

- Hodge, Leigh Anne – counsel for Defendant-Appellant 3M Company

- Hoekstra, Jennifer M. – counsel for MDL Plaintiffs

- Hutson, Shelley Van Natter – counsel for MDL Plaintiffs

- Jones, Hon. Gary R. – U.S. Magistrate Judge for the Northern District of Florida

- Karis, Hariklia – counsel for Defendants/Non-appellants

- Keller, Ashley – counsel for Plaintiff Richard Valle and MDL Plaintiffs

- Keller Postman LLC – counsel for Plaintiff Richard Valle and MDL Plaintiffs

- Kelly, Maxwell H. – counsel for MDL Plaintiffs

- Kim, Mary H. – counsel for Defendants/Non-appellants

- Kirkland & Ellis LLP – counsel for Defendants/Non-appellants

- Kolsky, Joshua M. – counsel for the United States of America

- Kreis, Douglass A. – counsel for MDL Plaintiffs

- Laminack Pirtle & Martines – counsel for MDL Plaintiffs

- Lauria, Jessica C. – counsel for Defendant-Appellant 3M Company

- Leach, Garret A. – counsel for Defendants/Non-appellants

- Leuthauser, Nolan M. – counsel for Defendants/Non-appellants

No. 22-12796-A, *Richard Valle v. 3M Company*

- Levin Papantonio Rafferty – counsel for MDL Plaintiffs

- Marlowe, Emily B. – counsel for MDL Plaintiffs

- Mitchell, Kasdin – counsel for Defendants/Non-appellants

- Morriss, F. Chadwick – counsel for Defendants/Non-appellants

- Mostyn Law – counsel for MDL Plaintiffs

- Moore Hill & Westmoreland – counsel for Defendant-Appellant 3M Company

- Murphy, Erin E. – counsel for Defendant-Appellant 3M Company

- Neglia, Ashley E. – counsel for Defendants/Non-appellants

- Nomellini, Mark J. – counsel for Defendants/Non-appellants

- Odom, Megan L. – counsel for MDL Plaintiffs

- Onder Law LLC – counsel for MDL Plaintiffs

- Ozurovich, Allison K. – counsel for Defendants/Non-appellants

- Pirtle, Thomas W. – counsel for MDL Plaintiffs

- Pulaski Law Firm – counsel for MDL Plaintiffs

- Quinn Emanuel Urquhart & Sullivan LLP – counsel for MDL Plaintiffs

- Rafferty, Troy Alan – counsel for MDL Plaintiffs

- Rivera, Maria P. – counsel for Defendants/Non-appellants

- Rodgers, Hon. M. Casey – U.S. District Judge for the Northern District of Florida

No. 22-12796-A, *Richard Valle v. 3M Company*

- Sacchet, Michael A. – counsel for MDL Plaintiffs

- Seeger, Christopher A. – counsel for MDL Plaintiffs

- Seeger Weiss LLP – counsel for MDL Plaintiffs

- Seeley, Caleb A. – counsel for MDL Plaintiffs

- Tam, Jonathan S.  – counsel for Defendants/Non-appellants

- Tracey Fox King & Walters – counsel for MDL Plaintiffs

- Tracey, Sean Patrick – counsel for MDL Plaintiffs

- Van Fleteren, Haley J. – counsel for Defendant-Appellant 3M Company

- Wagstaff & Cartmell – counsel for MDL Plaintiffs

- Wasdin, Nicholas F. – counsel for Defendants/Non-appellants

- White & Case LLP –counsel for Defendant-Appellant 3M Company

- Wilson, Quinn Robert – counsel for MDL Plaintiffs

Defendant-Appellant 3M Company states that it is a corporation whose shares are publicly traded (NYSE: **MMM**).   3M Company does not have a parent corporation and no publicly held corporation owns 10% or more of 3M's stock.

Respectfully submitted,

s/Paul D. Clement

PAUL D. CLEMENT

*Counsel for Defendant-Appellant*

*3M Company*

September 15, 2022

**TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ......................................................................... 1

TABLE OF AUTHORITIES ....................................................................... ii

INTRODUCTION ....................................................................................... 1

ARGUMENT .............................................................................................. 2

I.    3M Is Likely To Succeed On Appeal .............................................. 2

    A.    The Injunction Invades the Bankruptcy Court's Exclusive Jurisdiction .............................................................. 2

    B.    The Injunction Violates 3M's Constitutional Rights ............................ 5

    C.    The Injunction Violates the Automatic Stay ........................................ 6

    D.    The Injunction Violates The Federal Rules .......................................... 7

II.   The Injunction Irreparably Harms 3M ............................................ 8

III.  The Remaining Stay Factors Favor 3M ......................................... 11

CONCLUSION ......................................................................................... 12

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES[1]

**Cases**

*Canon Latin Am., Inc. v. Lantech (CR), S.A.*,
    508 F.3d 597 (11th Cir. 2007)...............................................................2

*Chappell v. Rich*,
    340 F.3d 1279 (11th Cir. 2003)...........................................................5

*Gilchrist v. Gen. Elec. Cap. Corp.*,
    262 F.3d 295 (4th Cir. 2001)............................................................4*

*Gonzalez v. Governor of Georgia*,
    978 F.3d 1266 (11th Cir. 2020).............................................................2

*In re Baldwin-United Corp. Litig.*,
    765 F.2d 343 (2d Cir. 1985)...............................................................4

*In re Nat'l Century Fin. Enters., Inc.*,
    423 F.3d 567 (6th Cir. 2005).............................................................7

*LeCroy v. United States*,
    975 F.3d 1192 (11th Cir. 2020) ........................................................2*

*Matter of Mahurkar Double Lumen Hemodialysis
    Catheter Patent Litig.*,
    140 B.R. 969 (N.D. Ill. 1992)............................................................4

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
    523 F.3d 1091 (9th Cir. 2008).............................................................3

*R.A.V. v. City of St. Paul*,
    505 U.S. 377 (1992)..........................................................................9

*Riccard v. Prudential Ins. Co.*,
    307 F.3d 1277 (11th Cir. 2002) .........................................................3

*Rohe v. Wells Fargo Bank, N.A.*,
    988 F.3d 1256 (11th Cir. 2021)....................................................2, 4*

---

[1]    Citations upon which Appellant primarily relies are marked with asterisks.

*SEC v. Brennan*,
  230 F.3d 65 (2d Cir. 2000) ...................................................................6

*Sheet Metal Contractors Ass'n of New N.J.*
  *v. Sheet Metal Workers' Int'l Ass'n*,
  157 F.3d 78 (2d Cir. 1998) ...................................................................6

*Swain v. Junior*,
  958 F.3d 1081 (11th Cir. 2020) ............................................................2

*Tolbert v. Monsanto Co.*,
  625 F.App'x 982 (11th Cir. 2015) .........................................................2

*United States v. Int'l Brotherhood of Teamsters*,
  266 F.3d 45 (2d Cir. 2001) ...................................................................6

## INTRODUCTION

Having obtained an All Writs Act injunction so flawed that the issuing court promptly stayed half of it, Plaintiff Richard Valle offers little to dissuade this Court from staying the other half pending plenary review. By broadly prohibiting 3M from "attempting to relitigate the same issues or related issues" in Debtors' ongoing bankruptcy proceedings, the MDL court arrogated to itself the right to police 3M's (and Debtors') advocacy before the bankruptcy court. But that role belongs to the bankruptcy court, which has not so much as hinted that it views any of the filings before it as an improper collateral attack on the MDL proceedings. Whether the MDL court will share that judgment is anyone's guess, but neither 3M nor Debtors should have to fear that good-faith efforts to invoke the bankruptcy process will be construed by the MDL court as improper collateral attacks on the MDL court. By claiming the authority to police filings in the bankruptcy court, the MDL court has jumped the jurisdictional tracks and created grave First Amendment concerns. It has also violated the basic protections that apply to all injunctions under the federal rules. The irreparable harm to 3M is obvious and well-illustrated by Valle's opposition, which uses everything from Debtors' statements in the bankruptcy court to investor statements by company officials against 3M. If that is the kind of criticism the order prohibits, then the situation is dire indeed. The public interest likewise favors a stay of the balance of a novel, erroneous, and speech-chilling injunction.

## ARGUMENT

### I.    3M Is Likely To Succeed On Appeal.

Valle's merits argument begins, tellingly, with an appeal to the deferential abuse-of-discretion standard of review.  Opp.12-13.  But "legal conclusions" underlying an injunction are reviewed *de novo*, *Gonzalez v. Governor of Georgia*, 978 F.3d 1266, 1270 (11th Cir. 2020), and "legal error" committed when granting an injunction "constitutes an abuse of discretion," *Canon Latin Am., Inc. v. Lantech (CR), S.A.*, 508 F.3d 597, 602 (11th Cir. 2007); *accord Swain v. Junior*, 958 F.3d 1081, 1089 (11th Cir. 2020) (staying injunction pending appeal "because the district court likely committed errors of law in granting the preliminary injunction").

#### A.    The Injunction Invades the Bankruptcy Court's Exclusive Jurisdiction.

Use of the All Writs Act is "carefully confined" to "extraordinary circumstances." *LeCroy v. United States*, 975 F.3d 1192, 1197 (11th Cir. 2020).  The Act is unavailable when, *inter alia*, there are "other, adequate remedies at law," including where a statute "addresses the particular issue at hand." *Rohe v. Wells Fargo Bank, N.A.*, 988 F.3d 1256, 1264 (11th Cir. 2021); *see also Tolbert v. Monsanto Co.,* 625 F.App'x 982, 985 n.5 (11th Cir. 2015) ("[I]f a party will have opportunity to raise its claims in the concurrent federal proceeding sought to be enjoined, that concurrent proceeding is deemed to provide an adequate remedy at law.").  Thus, an All Writs Act injunction directed at another federal court is rare

2

enough, *see, e.g.*, *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1099 (9th Cir. 2008), but valid All Writs Act relief directed at a bankruptcy court—which, by federal statute, has exclusive jurisdiction over all a debtor's property, oversees reorganizations, and is fully authorized to police misconduct before it—is virtually unprecedented, and for good reason. Mot.9-14. The bankruptcy court's ability to police improper filings provides an adequate remedy at law, and the bankruptcy court is far better positioned to separate improper collateral attacks from valid efforts to value claims without giving undue weight to unappealed judicial decisions. That the All Writs Act injunction is directed to a non-debtor makes little difference, especially when the MDL court pointed to Debtors' bankruptcy court filings to justify the relief.

Valle has little to say about any of this. He principally invokes *Riccard v. Prudential Insurance Co.*, 307 F.3d 1277 (11th Cir. 2002), a non-bankruptcy case where the enjoined party had a "near-obsession regarding his former employer" and engaged in "abusive and vexatious litigation" including "four lawsuits" plus multiple complaints in "non-judicial forums." *Id.* at 1282, 1295 & n.15, 1298. The circumstances here—where 3M has not relitigated or even "attempt[ed]" to relitigate anything—could not be more different.

Valle still has not identified *one* decision upholding an All Writs Act injunction directed to bankruptcy proceedings, and he continues to ignore multiple decisions that have vacated such injunctions given the specialized authority of

bankruptcy courts. *See, e.g.*, *Gilchrist v. Gen. Elec. Cap. Corp.*, 262 F.3d 295, 303-04 (4th Cir. 2001); *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 348 (2d Cir. 1985).  Rather, Valle continues to cite the same district court decision, *Matter of Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 140 B.R. 969 (N.D. Ill. 1992).  But 3M has explained why that decision is readily distinguishable, *see* Mot.10 n.3, and Valle offers no response.

Finally, Valle observes that the bankruptcy court "held it has *no* jurisdiction over" the "CAEv2 claims" and declined to enjoin claims against 3M.  Opp.14.[2]  But the bankruptcy court held only that it lacked jurisdiction to grant §105(a) relief.  The injunction here encompasses the *entire* bankruptcy proceedings, over which the bankruptcy court did not "disavow[] its adjudicatory authority." *Id.*  Moreover, even in denying Debtors' requested injunction, the bankruptcy court did not so much as hint that any argument by Debtors (let alone 3M) involved an improper collateral attack.  There is simply no basis or need for the MDL court's unprecedented intrusion into the bankruptcy court's ability to police the filings before it.  *See Rohe*, 988 F.3d at 1267-68 (vacating All Writs Act injunction because "the bankruptcy court … is well-equipped to protect the proceeding's integrity").

---

[2] The bankruptcy court recently certified its decision for direct appeal to the Seventh Circuit.  Adv.Pro.Dkt.181.

### B.    The Injunction Violates 3M's Constitutional Rights.

Valle cannot deny the profound chilling effect the MDL court's injunction has on 3M's (and Debtors') constitutional right to petition the bankruptcy court and so contends that 3M has forfeited its First Amendment argument.  Opp.15.  But 3M's opposition below repeatedly argued that the requested injunction contravened "constitutional guarantees of due process of law and access to courts." MDL.Dkt.3370.at.1, 21.  "Access to the courts is clearly a constitutional right, grounded in the First Amendment."  *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003).  3M's opposition thus raised the First Amendment argument, as did its stay request below.  *See* MDL.Dkt.3395.at.8.  Moreover, given that the MDL court issued broader (and more constitutionally problematic) relief than Valle sought, 3M cannot be faulted for not emphasizing the First Amendment in opposing Valle's less-sweeping request.

Valle next attacks a strawman, claiming that 3M seeks "a constitutional right to relitigate issues in its preferred court," which supposedly would condemn any All Writs Act injunction.  Opp.15-17.  That has never been 3M's argument.  The constitutional problems with the injunction arise from its sprawling and vague scope—encompassing even "attempting to relitigate … related issues"—backed by the threat of contempt.  The result is a content-based and viewpoint-based restriction on 3M's speech and right to petition, wherein 3M has nothing to fear if it meekly

accepts the MDL court's rulings but faces severe sanctions if it (or Debtors or apparently 3M executives on an investment call) does or says anything the MDL court construes as crossing the line. Courts have invalidated All Writs Act injunctions on First Amendment grounds, *see, e.g.*, *United States v. Int'l Brotherhood of Teamsters*, 266 F.3d 45, 51 (2d Cir. 2001); *Sheet Metal Contractors Ass'n of New N.J. v. Sheet Metal Workers' Int'l Ass'n*, 157 F.3d 78, 84 (2d Cir. 1998), and this sweeping injunction deserves the same fate.

### C.    The Injunction Violates the Automatic Stay.

Valle does not dispute that this Court can (and must) vacate the injunction if it violates the Code's automatic stay provisions. Valle instead offers another strawman, contending that 3M's automatic-stay argument "is predicated on the notion that Mr. Valle's initial motion was a stay violation." Opp.17. Again, not so. The injunction violates the automatic stay because of the impact upon the Chapter 11 proceedings that would result if 3M is chilled from fully participating under threat of contempt. Valle does not contest that impact, nor could he. The automatic stay "allow[s] the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently." *SEC v. Brennan*, 230 F.3d 65, 75 (2d Cir. 2000). Restricting 3M's participation in the Chapter 11 proceedings will unquestionably affect the "property of the debtor's estate," especially because the 3M-Debtors Funding Agreement is indisputably property of

the estate. Valle invokes the bankruptcy court's ruling that "litigation against 3M *does not* violate the automatic stay," Opp.18, but the relevant issue is not "litigation against 3M" in the *MDL court*. It is whether restricting 3M's full participation in the *bankruptcy court* might "have an adverse impact upon the property of [Debtors'] estate." *In re Nat'l Century Fin. Enters., Inc.*, 423 F.3d 567, 578 (6th Cir. 2005). Valle never denies that "adverse impact," which itself violates the automatic stay.

### D.   The Injunction Violates The Federal Rules.

Valle does not contest that Federal Rules of Civil Procedure 52(a)(2) and 65(d)(1), which require a court to "state the findings and conclusions that support its action" and require "[e]very order granting an injunction" to "describe in reasonable detail … the act or acts restrained or required," apply to All Writs Act injunctions. He merely responds—without a single supporting citation—that "this Court has never required the wooden performance 3M seeks." Opp.18. But the problem here is not wooden literalism or some foot fault; the MDL court did not come close to complying with the most basic prerequisites for any injunction.

Valle's plea for a lenient legal standard reflects the utter lack of factual findings supporting the extraordinary step of All Writs Act relief. Valle can muster only two sentences supposedly comprising "findings of fact," wherein the court stated that the threat to its jurisdiction "is undeniable" and "compels immediate action." Opp.18. But those are conclusory statements, not factual findings. The

7

MDL court made no findings that 3M has "relitigated" (or even "attempted to relitigate") already-decided issues (or even "related issues"), and it made no findings about how such efforts would threaten its jurisdiction—and Valle does not contend otherwise. The only support the court invoked was the informational brief filed by *Debtors*—not by 3M—an error Valle does not defend.[3]

If Valle's Rule 52 argument is infirm, his Rule 65 argument is essentially non-existent. He offers only the conclusory assertion that the injunction is "clear enough and speaks for itself." Opp.19. Tellingly, however, his entire brief barely mentions the injunction's broad and vague language prohibiting 3M from even "*attempting to* relitigate the same issues *or related* issues" previously decided. And it is not 3M's burden to "seek clarification" of a non-compliant order, *id*.

## II.    The Injunction Irreparably Harms 3M.

Valle's opposition does not undercut the irreparable harm 3M is suffering and will continue to suffer while under the constant threat of contempt as it pursues its rights in Debtors' ongoing bankruptcy proceedings. The injunction infringes 3M's First Amendment rights in numerous ways, and Valle does not dispute that the

---

[3] Instead, Valle touts two statements attributed to 3M. *See* Opp.6. Read in context, however, they merely refer to the 3M-Debtors funding agreement, which presumably explains why Valle never mentioned them in his motion below. More fundamentally, they do not evince anything approaching an intent to "relitigate" decided issues, but simply express a preference for the Chapter 11 process.

deprivation of constitutional rights—especially First Amendment rights—
"constitutes an irreparable injury" *per se.*  Mot.19-20 (citing cases).

Valle's principal response is to claim that 3M cannot show irreparable injury
because 3M disclaimed a desire to "relitigate" issues in the bankruptcy proceeding.
Opp.19-20.  To be sure, 3M does not intend to run afoul of any preclusion principles
in the bankruptcy court.  But as 3M has explained, what it means to "relitigate"—
much less "attempt[] to relitigate" the "same issues or related issues"—is hardly self-
evident.  Moreover, the process of valuing claims in the bankruptcy court inherently
involves arguments about the true value of the claims, notwithstanding unappealed
legal rulings.  The prospect that argument that the bankruptcy court views as
perfectly fair game could be deemed improper by the MDL court is thus very real.
And the prospect that 3M and Debtors may have to make their bankruptcy-court
filings under the threat of contempt from both the MDL court and the bankruptcy
court, while plaintiffs and other creditors are policed only by the latter, is both
fundamentally unfair and a source of obvious and imminent irreparable harm.  *Cf.*
*R.A.V. v. City of St. Paul*, 505 U.S. 377, 392 (1992) (invalidating law that "license[s]
one side of a debate to fight freestyle, while requiring the other to follow Marquis of
Queensberry rules").

Valle's response only underscores the irreparable harm that 3M and Debtors
face.  As noted, the only factual predicate for the injunction against *3M* was the

9

informational brief filed by *Debtors*. And Valle continues to conflate 3M and Debtors, arguing, for example, that the bankruptcy court rejected "what *3M* was attempting" in the bankruptcy, Opp.12 (emphasis added), notwithstanding that the *Debtors* commenced the bankruptcy proceedings. Valle does not stop there, but invokes statements by 3M executives on investment calls. Opp.6-7. If 3M can be held to account under the injunction for statements by Debtors in bankruptcy court and by 3M executives in non-judicial fora, the flaws with the injunction, and 3M's irreparable harm, are acute indeed.

Nor is the harm to 3M "many months off." Opp.20. By staying half of its injunction, the district court has already recognized that 3M is irreparably harmed now. Furthermore, there are indeed "upcoming filings, hearings, or the like in the Bankruptcy Court" in which 3M intends to participate. Opp.20. For example, Debtors have moved for mediation in the bankruptcy court; 3M is listed as a proposed mediation party, and it wishes to fully participate in any mediation-related proceedings. Bankr.Dkt.466. Similarly, Debtors have indicated an intent to file in the very near term an estimation motion addressing core issues in the Chapter 11 restructuring, and 3M wishes to fully participate in estimation proceedings. Bankr.Dkt.11, ¶52. In all of these proceedings, 3M would press arguments that the MDL court could well construe as "attempting" to relitigate "related" issues—for example, whether the MDL's size accurately reflects the number of plausible claims

10

or instead (due to erroneous MDL orders) a flood of unvetted claims. 3M would also contend that any estimation or resolution must account for the potential reversal of the district court's appealed orders, which will require 3M to argue that those orders are erroneous—another opportunity for the MDL court (at the urging of Valle) to deem 3M in contempt. The harm to 3M is irreparable and imminent.

## III.    The Remaining Stay Factors Favor 3M.

The balance of harms and public interest overwhelmingly favor a stay. Valle does not dispute that he will suffer no injury if the Court stays the injunction pending appeal. His lack of injury not only decisively tips the balance of harms in favor 3M, but underscores that the injunction was wholly unfounded.

At the same time, the public interest strongly favors a stay. Valle does not contest that "the public interest is always served when constitutional rights are vindicated," or that public policy favors Chapter 11 reorganizations. Mot.22. The public interest, like the other stay factors, strongly counsels in favor of staying the district court's unprecedented injunction in its entirety.

## CONCLUSION

This Court should stay the entire injunction pending appeal.

Respectfully submitted,

s/Paul D. Clement
PAUL D. CLEMENT
 *Counsel of Record*
ERIN E. MURPHY
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

*Counsel for Defendant-Appellant 3M Company*

September 15, 2022

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 2,589 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 11th Cir. R. 32-4.

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman type.

September 15, 2022

s/Paul D. Clement
Paul D. Clement

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<u>s/Paul D. Clement</u>
Paul D. Clement