No. 22-12796-A

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

―――――――――

RICHARD VALLE,

*Plaintiff-Appellee*,

v.

3M COMPANY,

*Defendant-Appellant*,

AEARO TECHNOLOGIES LLC, et al.,

*Defendants.*

―――――――――

On Appeal from the United States District
Court for the Northern District of Florida,
MDL No. 19-02885

―――――――――

**SUPPLEMENTAL BRIEF IN SUPPORT OF
TIME-SENSITIVE MOTION FOR STAY PENDING APPEAL**

PAUL D. CLEMENT
 *Counsel of Record*
ERIN E. MURPHY
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

*Counsel for Defendant-
Appellant 3M Company*

October 5, 2022

CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for Defendant-Appellant 3M Company hereby certifies that the following is a complete list of the trial judge(s), all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case on appeal, including subsidiaries, conglomerates, affiliates, and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

- 3M Company (**MMM**) – Defendant-Appellant

- 3M Occupational Safety LLC – Defendant/Non-appellant wholly owned subsidiary of Defendant-Appellant 3M Company

- Aearo Holdings LLC – Defendant/Non-appellant wholly owned subsidiary of Defendant-Appellant 3M Company

- Aearo Intermediate LLC – Defendant/Non-appellant wholly owned subsidiary of Defendant-Appellant 3M Company

- Aearo Technologies LLC – Defendant/Non-appellant wholly owned subsidiary of Defendant-Appellant 3M Company

- Aearo, LLC – Defendant/Non-appellant wholly owned subsidiary of Defendant-Appellant 3M Company

- Aylstock Witkin Kreis & Overholtz – counsel for MDL Plaintiffs

- Aylstock, Bryan Frederick – counsel for MDL Plaintiffs

- Barr, Brian H. – counsel for MDL Plaintiffs

- Beall, Charles Franklin, Jr. – counsel for Defendant-Appellant 3M Company

- Benton, Diana Clough – counsel for Defendants/Non-appellants

- Bhimani, Jay L. – counsel for Defendants/Non-appellants

- Bouk, Winston Troy – counsel for MDL Plaintiffs

- Bradley Arant Boult Cummings – counsel for Defendant-Appellant 3M Company

- Branscome, Kimberly O. – counsel for Defendants/Non-appellants

- Brock, Robert C. – counsel for Defendants/Non-appellants

- Brown & James – counsel for MDL Plaintiffs

- Brown, Micah David – counsel for Defendants/Non-appellants

- Buchanan, David R. – counsel for MDL Plaintiffs

- Burns, Michael A. – counsel for MDL Plaintiffs

- Buxner, Evan D. – counsel for MDL Plaintiffs

- Cantero, Raoul G. – counsel for Defendant-Appellant 3M Company

- Carter, Cole T. – counsel for Defendants/Non-appellants

- Cartmell, Thomas P. – counsel for MDL Plaintiffs

- Castiglia, Craig – counsel for Defendants/Non-appellants

- Ciresi Conlin LLP – counsel for MDL Plaintiffs

- Clark Love & Hutson – counsel for MDL Plaintiffs

- Clement, Paul D. – counsel for Defendant-Appellant 3M Company

- Clement & Murphy, PLLC – counsel for Defendant-Appellant 3M Company

- Cooper, David M. – counsel for MDL Plaintiffs

- Cornell, Katherine Lindsey – counsel for MDL Plaintiffs

- Czak, Steven C. – counsel for Defendants/Non-appellants

- DeCamp, Kyle Richard – counsel for Defendants/Non-appellants

- Dechert LLP – counsel for Defendants/Non-appellants

- De Paulo, Tabitha J. – counsel for Defendants/Non-appellants

- Elizabeth, Sierra – counsel for Defendants/Non-appellants

- Ellis, Robert P. – counsel for Defendants/Non-appellants

- Esfandiarifard, Saghar – counsel for Defendants/Non-appellants

- Fields, Barry E. – counsel for Defendants/Non-appellants

- Fox, Shawn – counsel for MDL Plaintiffs

- Glass, David M. – counsel for the United States of America

- Gori Julian & Associates – counsel for MDL Plaintiffs

- Gottlieb, Simon – counsel for Defendants/Non-appellants

- Gunderson, Karl B. – counsel for Defendants/Non-appellants

- Heinz, Noah – counsel for Plaintiff Richard Valle and MDL Plaintiffs

- Hill, Thomas Larry – counsel for Defendant-Appellant 3M Company

- Hodge, Leigh Anne – counsel for Defendant-Appellant 3M Company

- Hoekstra, Jennifer M. – counsel for MDL Plaintiffs

- Hutson, Shelley Van Natter – counsel for MDL Plaintiffs

- Jones, Hon. Gary R. – U.S. Magistrate Judge for the Northern District of Florida

- Karis, Hariklia – counsel for Defendants/Non-appellants

- Keller, Ashley – counsel for Plaintiff Richard Valle and MDL Plaintiffs

- Keller Postman LLC – counsel for Plaintiff Richard Valle and MDL Plaintiffs

- Kelly, Maxwell H. – counsel for MDL Plaintiffs

- Kim, Mary H. – counsel for Defendants/Non-appellants

- Kirkland & Ellis LLP – counsel for Defendants/Non-appellants

- Kolsky, Joshua M. – counsel for the United States of America

- Kreis, Douglass A. – counsel for MDL Plaintiffs

- Laminack Pirtle & Martines – counsel for MDL Plaintiffs

- Lauria, Jessica C. – counsel for Defendant-Appellant 3M Company

- Leach, Garret A. – counsel for Defendants/Non-appellants

- Leuthauser, Nolan M. – counsel for Defendants/Non-appellants

- Levin Papantonio Rafferty – counsel for MDL Plaintiffs

- Marlowe, Emily B. – counsel for MDL Plaintiffs

- Mitchell, Kasdin – counsel for Defendants/Non-appellants

- Morriss, F. Chadwick – counsel for Defendants/Non-appellants

- Mostyn Law – counsel for MDL Plaintiffs

- Moore Hill & Westmoreland – counsel for Defendant-Appellant 3M Company

- Murphy, Erin E. – counsel for Defendant-Appellant 3M Company

- Neglia, Ashley E. – counsel for Defendants/Non-appellants

- Nomellini, Mark J. – counsel for Defendants/Non-appellants

- Odom, Megan L. – counsel for MDL Plaintiffs

- Onder Law LLC – counsel for MDL Plaintiffs

- Ozurovich, Allison K. – counsel for Defendants/Non-appellants

- Pirtle, Thomas W. – counsel for MDL Plaintiffs

- Pulaski Law Firm – counsel for MDL Plaintiffs

- Quinn Emanuel Urquhart & Sullivan LLP – counsel for MDL Plaintiffs

- Rafferty, Troy Alan – counsel for MDL Plaintiffs

- Rivera, Maria P. – counsel for Defendants/Non-appellants

- Rodgers, Hon. M. Casey – U.S. District Judge for the Northern District of Florida

- Sacchet, Michael A. – counsel for MDL Plaintiffs

- Seeger, Christopher A. – counsel for MDL Plaintiffs

- Seeger Weiss LLP – counsel for MDL Plaintiffs

- Seeley, Caleb A. – counsel for MDL Plaintiffs

- Tam, Jonathan S. – counsel for Defendants/Non-appellants

- Tracey Fox King & Walters – counsel for MDL Plaintiffs

- Tracey, Sean Patrick – counsel for MDL Plaintiffs

- Van Fleteren, Haley J. – counsel for Defendant-Appellant 3M Company

- Wagstaff & Cartmell – counsel for MDL Plaintiffs

- Wasdin, Nicholas F. – counsel for Defendants/Non-appellants

- White & Case LLP –counsel for Defendant-Appellant 3M Company

- Wilson, Quinn Robert – counsel for MDL Plaintiffs

Defendant-Appellant 3M Company states that it is a corporation whose shares are publicly traded (NYSE: **MMM**). 3M Company does not have a parent corporation and no publicly held corporation owns 10% or more of 3M's stock.

Respectfully submitted,

s/Paul D. Clement
PAUL D. CLEMENT
*Counsel for Defendant-Appellant*
*3M Company*

October 5, 2022

No. 22-12796-A, *Valle v. 3M Co.*

## SUPPLEMENTAL BRIEF IN SUPPORT OF
## TIME-SENSITIVE MOTION FOR STAY PENDING APPEAL

Developments since 3M filed its reply brief in support of a stay pending appeal have only reinforced that the unstayed portion of the MDL court's injunction, which prohibits 3M from "attempting to relitigate the same issues or related issues" decided by the MDL court, poses an ongoing and imminent threat of irreparable harm to 3M. These events vividly demonstrate the need for a stay of the entire injunction pending this Court's plenary review, which will not be complete for several more months while litigation proceeds in multiple fora.

On September 23, 2022, a plaintiff pursuing a CAEv2-related personal-injury claim in Minnesota state court (which, as a non-diverse state-law action, was not consolidated with the MDL) filed a motion *in limine* arguing that 3M should be "collaterally estopped from denying complete and independent liability for CAEv2-related injuries as against Aearo." Ex. A at 17. The plaintiff argued that, because the MDL court had purportedly ruled in two bellwether trials that 3M and the Aearo defendants had to be treated as a single entity for the purpose of "reducing the punitive damages award," *id.* at 15, 3M is estopped under Minnesota law from arguing, in any case, that Aearo (and not 3M) has sole liability for the plaintiff's alleged injuries. *Id*. at 17.

Critically, the plaintiff was not content to rest his argument on ordinary principles of collateral estoppel but bolstered his argument by invoking the MDL

court's injunction precluding 3M from relitigating issues decided by the MDL court or making or supporting "any collateral attack" on the MDL court's orders. *Id*. at 18 (quoting MDL.Dkt.3389 at 8). According to the plaintiff, "[a]ny effort to dispute" that 3M has "sole liability" for injuries caused by the CAEv2 would be "barred by the MDL injunction." *Id*. The plaintiff noted that "the MDL court has retained jurisdiction to 'convene contempt proceedings to enforce compliance.'" *Id*. (quoting MDL.Dkt.3389 at 8).

    This motion *in limine* perfectly illustrates the ongoing irreparable injury the MDL court's injunction inflicts upon 3M. In 3M's view, the MDL court's two prior bellwether rulings cited by the Minnesota plaintiff do not remotely dictate the conclusion that 3M is wholly liable for injuries allegedly caused by CAEv2 made and sold by Aearo, let alone estop 3M from arguing otherwise. Indeed, those two bellwether trials did not involve successor liability; moreover, they were governed by Colorado state law, which indisputably does not govern in the Minnesota plaintiff's case.[1] 3M has the constitutional right to make this argument against preclusion to the Minnesota court without fear of reprisal before the MDL court, and the Minnesota court should be permitted to consider it. That is how it works in the

---

[1] Plaintiff did not even accurately describe the bellwether rulings, which addressed a statutory cap on compensatory damages, not "punitive damages." Ex. A at 15, 17.

2

typical case, and that is how it should work here. *See Smith v. Bayer Corp.*, 564 U.S. 299, 307 (2011) ("[D]eciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court.").

If 3M makes this forthright argument, however, it is exposing itself to potential sanctions pursuant to the MDL court's injunction—which the Minnesota plaintiff has explicitly invoked. After all, even if the MDL court has not considered the exact issue the Minnesota plaintiff has raised, the injunction purports to reach "related" issues. Thus, any effort by 3M to counter the Minnesota plaintiff's argument would likely be construed by the Minnesota plaintiff as an "attempt to relitigate" that "related" issue. 3M must therefore make its arguments in the Minnesota court subject to the explicit threat that it could be haled before a different court and threatened with contempt. Meanwhile, the Minnesota plaintiff is free to argue that issues have been foreclosed by MDL court rulings without fear of reprisal or the expense of being haled before a different court to explain himself. That dynamic should not be tolerated during the pendency of this appeal. The unstayed portion of the MDL court's unprecedented injunction not only irreparably chills 3M's constitutional rights of speech and petition but irreparably undermines its position in the Minnesota litigation. Indeed, given the Minnesota plaintiff's wholly meritless collateral estoppel argument, the MDL injunction gives the plaintiff not just a thumb on the scale, but another arrow in his quiver entirely.

3

Aside from confirming the irreparable injury to 3M, the Minnesota example underscores two other problematic aspects of the injunction. First, it demonstrates the broad range of situations where the injunction could be (and has been) invoked to chill 3M's full participation in litigation. Although 3M's concerns about the injunction have principally related to the ongoing Chapter 11 proceedings, nothing in the injunction prevents it from being invoked in *any* forum in which 3M could be accused of "attempting to relitigate" issues decided by the MDL court—including, as here, the ongoing Minnesota state-court CAEv2 litigation. Second, the very fact that the Minnesota plaintiff first argued that collateral estoppel principles preclude 3M's argument, and only then invoked the MDL court's injunction, reinforces that the injunction is both unnecessary and improper because there is an "adequate remed[y] at law"—application of collateral estoppel principles by the Minnesota court (or any other second court). *Rohe v. Wells Fargo Bank, N.A.*, 988 F.3d 1256, 1264 (11th Cir. 2021); *see also Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 773-74 (11th Cir. 1999) (holding that district court "abused its discretion" in granting All Writs Act injunction "to protect the integrity of its judgment," because movant "has an adequate remedy at law—it can raise the issues[] of res judicata").

The Minnesota example throws into bold relief the predicament that 3M faces due to the MDL court's ill-advised injunction. This Court should intervene now and stay the remainder of that injunction during the pendency of the appeal, so that

CAEv2-related litigation in Minnesota state court, the bankruptcy court, and any other forum can proceed free from the interference of the MDL court and the distorting effect of its looming threat of contempt.

## CONCLUSION

This Court should stay the entire injunction pending appeal.

Respectfully submitted,

<u>s/Paul D. Clement</u>
PAUL D. CLEMENT
 *Counsel of Record*
ERIN E. MURPHY
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

*Counsel for Defendant-Appellant 3M Company*

October 5, 2022

5

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,027 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 11th Cir. R. 32-4.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman type.

October 5, 2022

s/Paul D. Clement
Paul D. Clement

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<u>s/Paul D. Clement</u>
Paul D. Clement